HALL, Judge.
New Orleans Transfer Co., Inc., sued Felix J. DeBoisblanc for property damage in the sum of $164.75 resulting from the collision of a station wagon owned by it and operated by its employee, Charles Muller, with a pick-up truck owned and operated by DeBoisblanc. DeBoisblanc denied liability and reconvened for $135.00 damage to his truck. The amount of the damage to both vehicles was stipulated. Trial on the merits resulted in a judgment for plaintiff as prayed for and a further judgment dismissing defendant’s reconventional demand. Defendant appealed.
The sole issue is whether the Trial Judge committed manifest error in his appreciation of the facts.
The accident occurred in the 2000 block of Poydras Street in the City of New Orleans on January 23, 1965 at about 8:40 A.M. A light rain was falling and the street was wet. Plaintiff’s employee, Muller, was driving the station wagon on Poydras Street in a direction away from the river and towards the lake at a legal rate of speed. Defendant was backing his truck out of his automobile repair shop which is located on the downtown, or Canal Street, side of the 2000 block of Poydras. The right front fender of plaintiff’s vehicle struck the right end of the truck’s rear bumper causing damage to both vehicles in the sums indicated.
The lake bound roadway of Poydras Street is not marked off in lanes, but is *101 wide enough for two lanes of moving traffic and a third lane next to the curb for parking. Muller, plaintiff’s employee, was driving in the middle lane at about 25 miles per hour. In the block where the accident occurred the parking lane to Muller’s right was occupied by five or six cars parked at a 45 degree angle to the curb.
Muller testified that he first saw defendant’s truck when its rear end appeared backing out beyond the parked cars into his lane of travel; that he was then only 20 or 30 feet away, and although he applied his brakes instantly his vehicle slid on the wet pavement and struck the truck, the rear end of which extended two feet into his lane of travel.
The only fact in dispute is whether Muller could and therefore should have seen the truck in time to avoid the accident
DeBoisblanc stated that as he was backing his truck out he looked to his right and saw Muller approaching about 200 feet away; that when he applied his brakes his engine “killed” and that he remained stationary with his rear end extending approximately one and one half feet beyond the parked cars into the moving lane of traffic, expecting Muller to go around him. He testified that Muller could easily have done so since there was no other moving traffic on the street at the time.
Also testifying on behalf of defendant was Lee Landrum, one of defendant’s employees, who was the only other witness to the accident. Landrum testified that he saw Muller approaching ten to fifteen seconds before the impact. However Landrum testified that he was four or five feet inside defendant’s shop working on a car when the accident occurred, and it is difficult to believe that he could have seen the approaching station wagon ten to fifteen seconds before impact.
Our consideration of the testimony leads us to the conclusion that Muller’s version of the accident is by far the more credible. We are of the opinion that the proximate cause of the accident was defendant’s own negligence in backing into the street in the path of the approaching vehicle; and that Muller had no opportunity to avoid hitting the truck. Certainly the Trial Judge committed no manifest error in construing the facts in favor of the plaintiff, New Orleans Transfer Co., Inc.
For the foregoing reasons the judgment appealed from is affirmed, costs of this appeal to be borne by defendant-appellant, Felix J. DeBoisblanc.
Affirmed.